CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 31, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TARUN KUMAR VYAS, )<br>    Petitioner, ) | Civil Action No. 7:23-cv-00570 |
| ) | |
| v. ) | |
| ) | |
| CHADWICK S. DOTSON, *et al.*, )<br>    Respondents. ) | By: Elizabeth K. Dillon<br>    United States District Judge |

## MEMORANDUM OPINION

Petitioner Tarun Kumar Vyas, a Virginia inmate proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2254. The court issued an order conditionally filing this action and directing petitioner to address the issue of exhaustion as it "appears to raise claims that have not been exhausted in state court." (Dkt. No. 15 at 2.) Petitioner has responded (Dkt. No. 21), and upon a review of this submission and the original petition, the court concludes that this matter must be dismissed.

This court may not grant a § 2254 habeas petition unless the petitioner first exhausted the remedies available in the courts of the state in which petitioner was convicted. 28 U.S.C. § 2254(b); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). The exhaustion requirement is satisfied by seeking review of a claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If petitioner has available state court proceedings in which to litigate his habeas claims, this court must dismiss the petition without prejudice to allow him to exhaust those state court remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971). Federal courts may not review barred claims absent a showing of cause and prejudice, or a fundamental miscarriage of justice, such as actual innocence. *Harris v. Reed*, 489 U.S. 255, 260 (1989).

Vyas' petition is challenging a conviction and sentence that was imposed for possession of child pornography in Rockingham County Circuit Court. (Habeas Pet, Dkt. No. 1.) Vyas was convicted following a jury trial on May 26, 2023, and his sentence was imposed on December 11, 2023. *See* Case No. CR22000593-00.

In his response to the court's order, petitioner concedes that he has not exhausted his remedies in state court. Instead, petitioner's primary argument is that exhaustion should be excused because the state procedures are "ineffective and inadequate," and thus, his efforts would be futile. (Dkt. No. 21 at 16–17.) If a claim has not been fairly presented to the state courts, a federal habeas court may nonetheless consider the claim if there is either an absence of available state corrective process or the process is ineffective; state remedies must be available and meaningful in that the outcome is not futile. 28 U.S.C. § 2254(b)(1)(B); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (noting that an exception to the exhaustion requirement is made "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief"). However, a petitioner "may not bypass the state courts simply because he thinks they will be unsympathetic to the claim." *Engle v. Isaac*, 456 U.S. 107, 130 (1982). Further, a petitioner has the burden of establishing that the state court proceedings are "so clearly deficient as to render futile any effort to obtain relief." *Duckworth*, 454 U.S. at 3. Petitioner has not met this heavy burden. His argument is that the state court is not moving fast enough and that they ultimately will not grant him relief, but this is insufficient to invoke the foregoing exception.

Petitioner also argues that the court should excuse exhaustion because he is innocent of the charges underlying his conviction. (Dkt. No. 21 at 9, 22.) If a prisoner presents new reliable evidence of innocence so strong that a court "cannot have confidence in the outcome of the trial

2

unless the court is also satisfied that the trial was free from non-harmless constitutional error," then the new evidence of innocence can serve as a gateway through which a petitioner may argue an otherwise untimely or defaulted claim. *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Petitioner has not presented any new reliable evidence of innocence.

Petitioner has also filed a motion to invoke the "stay and abeyance" procedure set forth in *Rhines v. Weber*, 544 U.S. 269 (2005). This avenue is only available when a petitioner files a "mixed petition," which is a petition containing claims that are both exhausted and unexhausted. *Id.* at 275–77; *Ingram v. Searls*, Civil Action No. 2:23-00230, 2023 WL 9316858, at *7 (S.D.W. Va. Dec. 26, 2023) ("When a petitioner presents a mixed petition under § 2254, that is a petition containing claims that are both exhausted and unexhausted, the District Court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his claims in State Court; or (3) allow the petitioner to remove the unexhausted claims and proceed with the exhausted claims."). This is not a mixed petition, so Vyas' motion will be denied.

Finally, petitioner has filed a motion to "grant admission to reasonable bail," (Dkt. No. 7). Because the court will not exercise jurisdiction over Vyas' habeas petition, this motion will also be denied.

The court will issue an appropriate order dismissing this petition and denying all of petitioner's motions.

Entered: May 31, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge